McDonald, justice.
The United States Supreme Court, 109 SCt 384, vacated our judgment entered in Shell Oil Co. v. Department of Revenue, 496 So.2d 789 (Fla.1986), and remanded for further consideration in light of Shell Oil Co. v. Iowa Department of Revenue, — U.S. -, 109 S.Ct. 278, 102 L.Ed.2d 186 (1988). The issue presented in the Iowa case was
whether the Outer Continental Shelf Lands Act (OCSLA), 67 Stat. 462, 43 U.S.C. § 1331 et seq. (1982 ed. and Supp. Ill), prevents Iowa from including income earned from the sale of oil and gas extracted from the Outer Continental Shelf (OCS) in the apportionment formula it uses to calculate in-state taxable income.
Id. 109 S.Ct. at 279. In our original opinion we answered a similar question as it relates to Florida in the negative. All parties agree that the United States Supreme Court answered the same question in the same way. We are therefore uncertain as to why that Court vacated the judgment approved in our opinion.
We see only one difference between Florida’s position and that of Iowa, i.e., whether or not income from sales consummated on the Outer Continental Shelf and not within the boundaries of the fifty states should be used in calculating the state’s corporate income tax. In our case the Department of Revenue conceded that such sales would not be included. We did not consider the correctness of that concession. In Iowa, on the other hand, all sales, wherever consummated, were included, and the United States Supreme Court held this to be proper. Because of the state’s concession, we should not modify our opinion or judgment for the tax years in issue in this case. The concession is limited to this case, however, and should not preclude the state from adjusting its views for other taxable years.
One other reason for reconsideration may stem from the manner of calculating the apportionment of expenses to income, but the parties did not argue this issue before us, and we did not consider it in our opinion. Shell sought to raise it on rehearing, but we declined to grant rehearing because we found the issue had been waived. We still feel this to be true. Once again, however, any such waiver would be *109 limited to the tax years in controversy in this litigation.
We therefore conclude that, for the tax years in controversy, our earlier opinion and the judgment should be reinstated. We reaffirm our decision on the original basic question and, additionally, adopt the reasoning of the United States Supreme Court in the Iowa decision insofar as it relates to the question stated in our original opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.